```
                                                    U.S. DISTRICT COURT
                                                   FILED AT WHEELING, WV

                                                        OCT - 7 2005
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

**SUSAN HAYWOOD,**

       **Plaintiff,**

vs.

CASE NO. 2:05-CV-78

CIVIL ACTION NO. 05-C-34
(Tucker County Circuit Court)

**USA CYCLING, INC, a
non-resident corporation,**

       **Defendant.**

### NOTICE OF REMOVAL

TO:    John W. Cooper, Esq.
         Cooper, Preston & Douglas, PLLC
         P.O. Box 365
         Parsons, WV 26287
         Email: jcooper@mountain.net

         and

         William D. Wilmoth, Esq.
         Steptoe & Johnson, PLLC
         P.O. Box 751
         Wheeling, WV 26003-0751
         Email: wilmotw@steptoe-johnson.com

      NOW COMES the Defendant, USA Cycling, Inc., by its undersigned counsel, and gives notice that this action is hereby removed from the Circuit Court of Tucker County to the United States District Court for the Northern District of West Virginia on the following basis:

      1.    On or about July 13, 2005, Plaintiff commenced a civil action in the Circuit Court of Tucker County, West Virginia, being Civil Action No. 05-C-34 on the docket of the Court, naming USA Cycling, Inc. (hereinafter referred to as "USA Cycling") as the sole defendant and seeking to recover monetary damages.

2. Service of process was accepted by the West Virginia Secretary of State on September 8, 2005 by receipt of a copy of the Summons and Complaint on behalf of Defendant USA Cycling.

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, and further, diversity of citizenship exists.

4. Diversity jurisdiction exists in this action by virtue of the following:

   A. Plaintiff is now, and was at the commencement of this action, domiciled in West Virginia, and thus is a citizen of the State of West Virginia for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

   B. Defendant USA Cycling was incorporated in the State of Colorado and has its principal place of business in Colorado, and thus, is not a "citizen" of the State of West Virginia for diversity jurisdiction purposes.

   C. Although Plaintiffs' Complaint fails to contain a proper allegation of the amount in controversy, upon information and belief, the Complaint seeks damages in excess of Seventy-five Thousand Dollars ($75,000.00). That the amount of damages sought exceeds Seventy-five Thousand Dollars ($75,000.00), is supported by a review of the allegations and requested damages contained in the Complaint.

When the amount in controversy is not readily apparent from the pleadings, the court may resort to matters outside the pleadings. *Hartford Ins. Group v. Lou-Con, Inc.*, 2002 WL1237104 (5th Cir. 2002). This evidence may

include oral testimony or other direct evidence including affidavits, *Zunaman v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969).

In addition, punitive damages, attorney's fees and expert witness fees must be considered in determining the amount in controversy if demanded by the Plaintiff in the Complaint and recoverable under state law. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534 (5th Cir. 1990); *Combs v. Barker*, 692 F. Supp 596 (W.D.N.C. 1988).

In this case, Plaintiff has alleged monetary damages in excess of Twenty-five Thousand Dollars ($25,000.00), plus additional sums representing lost prize money from bicycle races that she did not enter, loss of advertising endorsements and loss of earning capacity, as well as loss of prestige, severe embarrassment, humiliation and mental anguish. Plaintiff has also requested costs of this litigation. In light of the above, it does not appear to a legal certainty that the claim is for less than the jurisdictional amount of Seventy-five Thusand Dollars ($75,000.00), and accordingly, the test for "amount in controversy" is satisfied. *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).

5. Because the Court has original diversity jurisdiction over this action, the case may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

6. The United States District Court for the Northern District of West Virginia of West Virginia further has original jurisdiction over this matter under 28 U.S.C. § 1331 inasmuch as Plaintiffs have pled a cause arising under the laws of the United States.

7. Federal question jurisdiction exists in this action by virtue of the Ted Stevens Olympic and Amateur Sports Act, codified at 36 U.S.C. § 220501 *et seq.*, which

provides for exclusive jurisdiction on all matters pertaining to the representation of the United States in the Olympic Games.

8. Because this Court has original federal question jurisdiction over this action, this case may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

9. This Notice of Removal is filed within Thirty (30) days of the purported service upon the Defendant of a copy of the initial pleading setting forth a claim for relief upon which this Notice of Removal is based.

10. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Tucker County, West Virginia as provided by law.

11. A certified copy of the record in the State Court action is attached hereto as Exhibit A.

**WHEREFORE**, Defendant has removed this action from the Circuit Court of Tucker County, West Virginia to the United States District Court for the Northern District of West Virginia.

**USA CYCLING, INC., Defendant,**

_/s/ Richard N. Beaver_
Counsel for Defendants
William A. Kolibash, Esq.
WV State Bar No. 2087
Richard N. Beaver, Esq.
WV State Bar No. 6864
PHILLIPS, GARDILL, KAISER
& ALTMEYER, PLLC
61 Fourteenth Street
Wheeling, WV 26003
T: (304) 232-6810
F: (304) 232-4918
Email: williamkolibash@pgka.com